BARRY v. CITY OF CLEVELAND ET AL.

*Municipal corporations—Referendum—In determining sufficiency of petition, clerk acts for petitioners and opponents— Clerk's failure to discover irregularities not chargeable to petitioners—Petitioners entitled to reasonable time to amend original petition, when—Clerk's certification of insufficiency not prerequisite to filing additional petitions.*

1. Clerk in examining referendum petition, as required by city charter, to determine its sufficiency, acts for those desiring referendum as well as for those who oppose it, and failure to discover fictitious names or names of persons not qualified is his failure, and not that of petitioners or their committee.

2. Where clerk neglected to discover irregularities in referendum petition and failed to notify petitioners thereof, limitation in charter for filing additional petitions will be disregarded, and petitioners will be given a reasonable time in which to amend original petition, and what would be a reasonable time varies under facts of each case.

3. Certification by clerk that original referendum petition is insufficient is not a condition precedent to filing of additional petitions, and failure to so certify does not render subsequent filing of additional petitions illegal.

(Decided June 23, 1920.)

APPEAL: Court of Appeals for Cuyahoga county.

*Messrs. Thompson, Hine & Flory,* for plaintiff.

*Mr. Wm. B. Woods,* director of law, and *Mr. John D. Marshall,* for defendants.

BY THE COURT. We find that there are now upon the referendum petition names of sufficient qualified electors to authorize the further advance of the referendum proceeding.

The charter of the city of Cleveland places upon the clerk the duty of seeing that the petition contains the "required number of electors." When he examines the petition to determine whether it is sufficient or insufficient, he acts for those who desire the referendum as well as for those who do not, and a failure to discover fictitious names, or names of persons not qualified to be electors, upon a petition, is his failure and not the failure of the petitioners or their committee. While it is claimed that the presence of irregularities in the referendum petition must be charged to those who sought the referendum, and especially to the five electors constituting the official committee of the petitioners, yet there is not a word in the city charter, so far as we are advised, which makes the committee responsible for the irregularity of the petition or petitions. This court is unable to subscribe to the doctrine that a right given to 11,000 electors is to be jeopardized because some of the number have been guilty of fraud, or because their official committee, possibly self-appointed, has been careless in trying to discover fraud. All that the great mass of the petitioners can do is to sign the petition and see that it is filed with the clerk. This is all the law requires them to do. This they did prior to the filing of the first petition.

"It is a rule of general application, if not of universal application, that where a party in the prosecution of a right does everything which the law requires him to do, and fails to attain his right wholly by the neglect or misconduct of an officer charged with a public duty with respect thereto, the law will not permit the diligent party to suffer detriment by reason of such neglect." *Traction Co.* v. *Ruthman,* 85 Ohio St., 62, 96 N. E., 1019, Ann. Cas., 1913A, 911.

In that case the court required the signature of the trial judge to the bill of exceptions within 55 days from March 11, 1908, more than six months after the time required by the statute. It is a fair conclusion from that decision that where the right of a party is put in jeopardy by the fault or neglect of a public officer, charged with a public duty, the courts will disregard a time limitation in a statute and allow the performance of the act required within a reasonable time thereafter. In our case the clerk failed to find the fictitious name or names of persons not qualified as electors appearing on the petition, and he failed to notify the petitioners of that fact. It was such neglect and failure which endangered the referendum. The court, therefore, must disregard the time limitation in the charter for filing additional petitions. The petitioners had a reasonable time in which to amend the original petition, and the finding by the court of common pleas in this case that petitions might be filed 15 days after the decree in the former case, which was not appealed, was a reasonable time under the circumstances. What would be a reasonable time may vary under the facts of each case.

Counsel for plaintiff lay much stress upon the

consideration that such holding would lead to absurd results, but we are wholly at a loss to see the force of the argument. The time for filing additional petitions would of course vary, depending upon the circumstances of each case, but we can see nothing absurd or illogical in this. It would result in suspending ordinances sometimes for one period, sometimes for another, but certainly this is not unthinkable. It is neither unreasonable nor absurd, and municipal legislation even under such conditions can be put through within a very reasonable time.

It is contended that the clerk's certificate that the petition is insufficient is a condition precedent to the filing of additional petitions. We are unable to assent to this proposition. The certificate of the clerk that the referendum petition is insufficient is the formal way of expressing his finding, but if, without it, the petitioners should file additional petitions, we see no reason why such additional petitions would not properly amend the original petition and make it sufficient. If without such certificate additional petitions were filed within the time required, and the clerk should then certify that the petition was sufficient, the charter would be complied with and the referendum proceeding might go forward. The fact that the clerk did not certify that the original petition was insufficient did not render illegal the subsequent filing of additional petitions and the certificate that the petition was sufficient.

If the charter must be strictly complied with under all circumstances, then the position we have taken is of course erroneous, but if we are right in holding that because of the fault of the clerk the

additional petitions could not be filed within the required time, and that the 15-day period may be disregarded, then no consideration stands in the way of the conclusion we have reached.

In the *Ruthman case,* above cited, the act of the trial court in signing the bill of exceptions was a ministerial act, while in this case the duty of the clerk to determine whether the names appearing upon the referendum petition were those of qualified electors is probably at least a *quasi* judicial act, yet we are unable to see why the same rule as to his failure to do an act required by law should make any difference in respect to the rights of those who have done all the law required them to do in the matter.

The petition in this case will be dismissed at the cost of the plaintiff.

*Petition dismissed.*

ALLREAD, J., of the Second Appellate District, and SAYRE and MIDDLETON, JJ., of the Fourth Appellate District, sitting in place of DUNLAP, WASHBURN and VICKERY, JJ., concur.